IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                            CIVIL ACTION NO. 3:13-CV-171
                                                (JUDGE GROH)

**$830.00 IN UNITED STATES CURRENCY,**

    Defendant.

## ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT IN CIVIL FORFEITURE PROCEEDING

Plaintiff United States of America filed a Motion for Summary Judgment in the Civil Forfeiture Proceeding [Doc. 5] on February 26, 2014. For the following reasons, the Court **GRANTS** the United States' motion.

### I. Background

On November 25, 2013, United States filed a verified complaint for forfeiture *in rem*. The complaint sought to enforce the forfeiture provisions of 21 U.S.C. § 881(a)(6), which requires forfeiture of United States currency "furnished or intended to be furnished by any person in exchange for a controlled substance." The defendant is $830.00 in United States Currency. Defendant Currency was seized on October 7, 2011, pursuant to the arrest of Ashley Dawn King, in Martinsburg, West Virginia. Defendant Currency is currently located in the custody of the Martinsburg Police Department.

Thereafter, in compliance with Rule G(4)(a)(iii) and (iv)(C) of the Supplemental Admiralty and Maritime Claims, notice of the filing on the instant forfeiture complaint was published on an official government forfeiture website from December 5, 2013 through January 3, 2014.  As of this date, no verified claims have been filed by any person who was not directly notified of the filing of the forfeiture action.  On December 4, 2013, the United States sent direct notice of the forfeiture to Ms. King.  She has not filed a claim in this action.

## II.  Legal Standard

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment.  See Fed. R. Civ. P. 56.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Id. at 250.

After the Government establishes probable cause that the property is forfeitable, the burden shifts to the claimant to prove, through credible evidence, that there is an actual issue of material fact, and that the claimant is entitled to the property. United States v. Leak, 123 F.3d 787, 793 (4th Cir. 1997).  A claimant, as the party opposing

summary judgment, "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249.

### III.  Discussion

The United States moves for summary judgment arguing that no claims have been filed and that they have established that the Defendant Currency is forfeitable.

The deadlines for timely filing claims to Defendant Currency have passed.  Under Rule G(5)(a)(ii)(B) of the Supplemental Admiralty and Maritime Claims, a person who was not sent a direct notice of forfeiture must file a claim no later than sixty days after the first day of publication on an official internet government forfeiture site.  In this case, the United States published notice of the filing of the forfeiture complaint on an official government forfeiture website from December 5, 2013 through January 3, 2014.  Therefore, February 3, 2014 was the deadline for a person who was not directly notified of the forfeiture action to file a verified claim.  Pursuant to Rules G(5)(a)(ii)(A) and G(4)(b) of the Supplemental Admiralty and Maritime Claims, a person who has been put directly on notice of a forfeiture proceeding must file a verified claim at least thirty-five days after the notice is sent.  On December 4, 2013, the United States sent direct notice

of the forfeiture to Ms. King. She has not filed a claim in this action, and her thirty-five day deadline has expired. Therefore, there are no claims for Defendant Currency, and the filing of new claims in this case is time barred.

The United States has also established that the property is subject to forfeiture. The United States' Verified Complaint avers the following facts. On October 7, 2011, members of the Eastern Panhandle Drug and Violent Crime Task Force ("Task Force") encountered a two-vehicle accident at the intersection of Centre Street and East Burke Street in Martinsburg, West Virginia. The Task Force reported the accident to the Martinsburg Police Department. While waiting for the Martinsburg Police Department to arrive, the Task Force members observed Ms. King, the driver of a 2001 Cadillac Seville, make a call from her cell phone. Shortly thereafter, an individual, later identified as Gary Gee, walked up to the scene of the accident. He assumed the driver's seat of Ms. King's vehicle and obtained the vehicle information. When the Martinsburg Police Department arrived, they interviewed several witnesses who indicated that Ms. King, not Mr. Gee, was the one operating the vehicle. Then, Mr. Gee admitted that he was not the driver.

While the Martinsburg Police Department continued interviewing witnesses, Task Force members observed Ms. King exhibiting the following behavior: (1) transferring a large sum of cash from her purse into her left front breast pocket; (2) placing a slender black object underneath a black bag located in her vehicle's trunk; and (3) removing a plastic bag from the area of the driver's side compartment and placing it into an open flap black bag in the trunk. Subsequently, the Martinsburg Police Department placed Ms. King under arrest for obstruction of justice. They also cited her for failing to yield,

driving without an operator's license, and driving without proof of insurance.

Then, the Martinsburg Police Department called a towing service to move her car because Ms. King had been arrested and her vehicle was obstructing traffic  The Martinsburg Police Department, pursuant to their policy, conducted an inventory search of Ms. King's vehicle prior to it being towed.  In that search, the officers located in plain view a plastic bag with what appeared to be two large pieces of "crack" cocaine.  The plastic bag was protruding from an open black bag in the trunk.  Under the bag, the officers located a scale.  The suspected crack cocaine was weighed on the scale, and the substance weighed over thirty grams.  Based upon this discovery, Ms. King was further arrested for possession with intent to deliver crack cocaine, a Schedule II narcotic drug-controlled substance. Later, at the Martinsburg Police Station, the suspected controlled substance field tested positive for cocaine base.  The police then conducted a search of Ms. King pursuant to her arrest and discovered the Defendant Currency inside the left chest pocket of her jacket.

The Martinsburg Police Department turned over the suspected cocaine base to the Task Force.  Then, the Task Force submitted the substance to the DEA Mid-Atlantic Laboratory for analysis.  On January 20, 2012, the DEA confirmed that the sample contained 29.8 grams of cocaine base.  On November 12, 2012, Ms. King pled guilty to one count of violating the Controlled Substances Act, specifically 21 U.S.C. § 841, in Criminal Action Number 3:12-CR-40.  Ms. King was sentenced on March 5, 2013.

Upon review of the facts and applicable law, the Court finds there are no genuine issues of material fact.  The Court further finds that the United States has established that the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## IV. Conclusion

Accordingly, the United States' Motion for Summary Judgment is **GRANTED**. It is further **ORDERED** that this case be **DISMISSED** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties. The Clerk is also directed to enter the forfeiture judgment in this matter.

**DATED:** March 10, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE